COMMONWEALTH *vs.* CERTAIN INTOXICATING LIQUORS, Patrick Gillon, claimant.

The oath of one of the complainants, required by the St. of 1869, c. 415, § 45, to authorize the issue of a warrant to search a dwelling-house for intoxicating liquors under that statute, does not form a part of the complaint, and need not be framed with technical accuracy.

A complaint for a warrant to search the cellar of a dwelling-house for intoxicating liquors under the St. of 1869, c. 415, is not invalid because, by the recital therein of the allegations of the complainant's oath under § 45, it appears, that the facts and circumstances upon which his belief of the unlawful use of the premises is founded are, that at some time, not specified, he had seen vessels, which he believed contained intoxicating liquors, conveyed therefrom by agents, not named or described, of the occupant, to a neighboring saloon of the occupant; nor by reason of the fact that said oath affirms the complainant's belief, upon said facts and circumstances, that the "house," and not specifically the cellar, was unlawfully used.

COMPLAINT on the St. of 1869, *c.* 415, § 44, to the police court of Milford, by Augustus W. Keene and William P. Miller, for a warrant to search the cellar of a dwelling-house occupied by Patrick Gillon in that town, for certain intoxicating liquors alleged to be kept by him in said cellar, as a store, for unlawful sale.

The affidavit, made by Keene, pursuant to § 45,* was incor-

---

* "No warrant shall issue for the search of a dwelling-house, unless a tavern, store, grocery, eating-room or place of common resort is kept therein; and no warrant shall issue for the search of a dwelling-house, unless one of the complainants makes oath or affirmation that he has reason to believe, and does believe, that such liquor has been sold therein or taken therefrom for the purpose of being sold by the occupant, or by his consent or permission, contrary to

porated in the body of the complaint, in the manner designated in the form given in § 66, and was as follows:

"And I, Augustus W. Keene, one of the above named complainants, on oath say, that I have reason to believe, and do believe, that intoxicating liquor, such as is above mentioned, has been taken from the house above mentioned, for the purpose of being sold in this Commonwealth by the occupant of said house, and with the consent and permission of the occupant of said house, contrary to law, within one month next before this day, and that said liquor above mentioned is now kept in said house for sale by said Gillon, contrary to law; and my belief aforesaid is founded on the following facts and circumstances: that I have seen vessels, which I believe contained intoxicating liquor, conveyed from said cellar by agents of said Gillon to a saloon of said Gillon's near said cellar."

The liquors were seized on the warrant; and Gillon was summoned as claimant, appeared accordingly in the superior court, and before the jury were empanelled filed a motion to quash the proceedings as insufficient in law, among other reasons, "because the statement in the separate oath of Keene of the alleged facts and circumstances on which the belief is founded, touching which he made such oath, is insufficient in law, as the criminating part thereof, touching intoxicating liquors, rests upon belief, and the alleged facts and circumstances are not alleged as taking place within one month next before making such complaint, or at the time of making it, and the alleged facts and circumstances are not facts and circumstances authorizing such belief or affording a sufficient reason therefor," and "because Keene in his said separate oath does not state the facts and circumstances on which his said belief is founded." This motion *Dewey*, J., overruled; on the trial, judgment was rendered for a forfeiture of the liquors; and the claimant alleged exceptions.

law, within one month next before making such complaint, and is then kept therein for sale contrary to law by the person complained against. The complainant shall in his oath or affirmation state the facts and circumstances on which such belief is founded, and such allegations shall be recited in the complaint and warrant."

*H. B. Staples*, for the claimant. 1. The complaint is insufficient, as no time is laid when the facts and circumstances sworn to by Keene took place. They are made allegations of the complaint, by the statute; and the common rule as to time applies. St. 1869, *c.* 415, § 45. The time is material; for how else does it appear that the facts and circumstances sustain any relation to the alleged acts of the occupant of the house within one month of the time of the complaint, or furnish any reason for the belief sworn to?

2. No sufficient statement of the facts and circumstances is contained in the complaint. The only criminating part of the statement, that the vessels contained intoxicating liquor, rests merely on belief; and the facts stated derive all their importance from this matter of belief merely, not of fact.

3. The complaint discloses no facts and circumstances sufficient to show the court that Keene had reason to believe the allegations. The object of the statute, in requiring these to be stated, is to enable the court to judge whether reason for belief exists. The facts and circumstances alleged have no significance aside from the complainant's belief that the vessels contained intoxicating liquors, which may have been utterly unfounded, and the grounds of which can never be ascertained.

4. The names of the occupant's agents referred to should be given, if known; and if not known, it should be so alleged.

5. The separate oath of Keene refers to " the house above mentioned," while the place to be searched was a cellar.

6. The complaint does not show probable cause, or a cause or foundation supported by oath, for the issue of a warrant, as required by the Declaration of Rights, art. 14, and the 4th Amendment of the Constitution of the United States.

*C. Allen*, Attorney General, for the Commonwealth.

BY THE COURT. The complaint is sufficient. The affirmation of one of the complainants, as to the facts and circumstances on which his belief rests, does not form a part of the complaint, and does not need to be framed with technical accuracy. *Commonwealth* v. *Intoxicating Liquors*, 13 Allen, 52.

*Exceptions overruled.*